IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00298-F-1
No. 5:15-CV-00157-F

| | |
|---|---|
| SHOUNTARIO DEVON WALKER, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-48] Shountario Devon Walker's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-44]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and Walker's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On September 5, 2012, Walker was charged in a seven-count indictment. *See* Indictment [DE-1]. In Count One, Walker was charged with possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Walker was charged in Counts Two through Seven with distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). At Walker's arraignment, held on November 5, 2012, he pled guilty to Counts One through Seven without the benefit of a written plea agreement.

Walker's sentencing was held on February 20, 2013, and he was sentenced to 180 months' imprisonment in each of Counts One through Seven. *See* Judgment [DE-27]. It was ordered that the sentences would be served concurrently.

On February 26, 2013, Walker filed a Notice of Appeal [DE-25]. In an unpublished

opinion [DE-40], the Fourth Circuit Court of Appeals affirmed this court's judgment.

Walker filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-44] on April 9, 2015. In his § 2255 motion, Walker argues that he is entitled to relief on the following grounds: (1) his attorney provided ineffective assistance of counsel by inducing him to plead guilty without the benefit of a plea agreement and without an understanding of the exact nature of the offenses charged; (2) the court "double counted" drug amounts and failed to engage in an independent assessment of drug quantity; (3) his attorney provided ineffective assistance of counsel by pressuring him into believing a guilty plea was his only option; and (4) the indictment was defective because it failed to allege a specific amount of crack cocaine and powder cocaine. On May 21, 2014, the Government filed a Motion to Dismiss [DE-48], arguing that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his

2

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**A. Walker has failed to state a claim of ineffective assistance of counsel in his first and third claims.**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address both of Walker's ineffective assistance of counsel claims in turn.

**1. Induced him to plead guilty**

In his first claim, Walker alleges that his attorney provided ineffective assistance of

3

counsel by inducing him to plead guilty without the benefit of a plea agreement and without an understanding of the exact nature of the offenses charged. Mot. Vacate [DE-44] at 4.

In order to show prejudice when challenging a guilty plea, a petitioner "must show that there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012) (discussing *Hill*). When alleging that counsel was deficient in providing bad advice regarding an existing plea offer, prejudice is shown if a petitioner "would have accepted a plea that would have resulted in a less severe conviction, sentence, or both." *United States v. Dickerson*, 586 F. App'x 126, 127 (4th Cir. 2014) (citing *Lafler*, 132 S. Ct. at 1384-85).

This claim must fail because Walker has failed to allege the required prejudice. Specifically, Walker has failed to allege that (1) he would have pleaded not guilty and gone to trial, or (2) he would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. Walker's allegations do not satisfy the *Lockhart* or *Lafler* standard. Because Walker has made an insufficient showing on the prejudice prong of the *Strickland* standard, this court need not address the performance prong. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). Accordingly, Walker's first claim will be dismissed.

### 2. Pressured him into believing a guilty plea was his only option

Walker alleges in his third claim that his attorney provided ineffective assistance of counsel when he pressured him into believing a guilty plea was his only option. Mot. Vacate [DE-44] at 6-7.

4

Initially, the court concludes that Walker has failed to sufficiently allege prejudice because the court made him aware that he had the right to a jury trial, and he knowingly waived his right to a jury trial. At Walker's November 5, 2012 arraignment, the court advised him in pertinent part as follows:

> [T]he constitution and the laws of the United States give you the right to a jury trial with respect to the charges against you. In that regard, you should consider the following:
> First, that a jury trial you would be presumed to be innocent, the government would be required to prove you guilty by competent evidence and beyond a reasonable doubt, before you can be found guilty. You would not have to prove that you are innocent.
> Second, witnesses for the government would have to come to court and testify in your presence. Your lawyer could cross-examine those witnesses, objective [sic] to evidence offered by the government and offer evidence on your behalf.
> Third, you would have the right to use the subpoena power of the court to make witnesses come to court on your behalf, whether they wanted to come or not.
> Fourth, you would have the right to testify is [sic] you chose to do so and you would also have the right not to testify and no inference or suggestion of guilt could be drawn from the fact that you did not testify. If you plead guilty, you will waive your right to a jury trial. Instead of a trial you will be judged guilty, and you will be sentenced on the basis of your guilty plea and consideration of the factors that is in Title 18 United States Code Section 3553(a) and the advisory sentencing guidelines.

*See* November 5, 2012 Tr. [DE-39] at 4.

The court further finds that Walker's statements under oath at his arraignment contradict the allegations in his § 2255 motion. Walker is bound by his declarations made during his Rule 11 hearing, and his current allegations to the contrary must be rejected. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."); *see also United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly

5

contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)).

The following exchange occurred during Walker's arraignment:

> The Court: You were in the courtroom this morning when the Court explained your rights to a jury trial under the constitutional laws of the United States with regards to the charges pending against you. Do you understand you must give up those right [sic] associated with a jury trial in order to plead guilty?
>
> Mr. Walker: Yes, sir.

*See* November 5, 2012 Tr. [DE-39] at 16-17. The following exchange also occurred:

> The Court: Has anyone threatened you or anyone else forced you in any way to plead guilty?
>
> Mr. Walker: No, sir.
>
> . . .
>
> The Court: Has anyone made any promise that induced you to plead guilty?
>
> Mr. Walker: No, sir.

*Id.* at 20.

For the foregoing reasons, Walker has failed to state a claim under *Strickland*. Accordingly, Walker's third claim will be dismissed.

**B. Walker's second and fourth claims must fail.**

In his second claim, Walker argues that the court "double counted" drug amounts and failed to engage in an independent assessment of drug quantity. Mot. Vacate [DE-44] at 5. Walker contends in his fourth claim that the indictment was defective because it failed to allege a specific amount of crack cocaine and powder cocaine. *Id.* at 8. Walker asserts that he failed to raise his second and fourth claims when his case was on direct appeal because his appellate attorney provided ineffective assistance of counsel by failing to raise these claims on direct

6

contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)).

The following exchange occurred during Walker's arraignment:

> The Court: You were in the courtroom this morning when the Court explained your rights to a jury trial under the constitutional laws of the United States with regards to the charges pending against you. Do you understand you must give up those right [sic] associated with a jury trial in order to plead guilty?
>
> Mr. Walker: Yes, sir.

*See* November 5, 2012 Tr. [DE-39] at 16-17. The following exchange also occurred:

> The Court: Has anyone threatened you or anyone else forced you in any way to plead guilty?
>
> Mr. Walker: No, sir.
>
> . . .
>
> The Court: Has anyone made any promise that induced you to plead guilty?
>
> Mr. Walker: No, sir.

*Id.* at 20.

For the foregoing reasons, Walker has failed to state a claim under *Strickland*. Accordingly, Walker's third claim will be dismissed.

**B. Walker's second and fourth claims must fail.**

In his second claim, Walker argues that the court "double counted" drug amounts and failed to engage in an independent assessment of drug quantity. Mot. Vacate [DE-44] at 5. Walker contends in his fourth claim that the indictment was defective because it failed to allege a specific amount of crack cocaine and powder cocaine. *Id.* at 8. Walker asserts that he failed to raise his second and fourth claims when his case was on direct appeal because his appellate attorney provided ineffective assistance of counsel by failing to raise these claims on direct

6

appeal. *Id.* at 5, 8.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' " *Id.* at 622 (citations omitted). To demonstrate cause, a petitioner must point to some objective factor beyond his control that impeded or prevented him from presenting his claim. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). In order to demonstrate prejudice, a petitioner must demonstrate that errors at trial infected his entire trial with error of constitutional dimensions. *McCarver v. Lee*, 221 F.3d 583, 592 (4th Cir. 2000). Actual innocence means factual innocence and not just the legal insufficiency of his conviction or sentence. *Bousley*, 523 U.S. at 623-24.

As for Walker's second claim, his appellate attorney did not provide ineffective assistance of counsel by failing to raise the issue because his attorney did challenge Walker's drug quantity on direct appeal. The Fourth Circuit held that "the district court did not clearly err in finding that the Government established drug quantity by a preponderance of the evidence and that the disputed evidence had sufficient indicia of reliability." *See* Fourth Circuit's Unpublished Opinion [DE-40] at 4.

Walker's second claim must also fail because a challenge to the calculation of the advisory guideline range is not cognizable on collateral review. *See United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances, [] an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."); *United*

7

*States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see also Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that § 2255 proceedings allow Petitioners to challenge errors that result in the "complete miscarriage of justice," not "ordinary questions of guideline interpretation") (internal quotation marks omitted)). The Fourth Circuit held that a defendant's challenge to his career offender designation based on the intervening decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), was not cognizable on collateral review. *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015).

Walker cannot show that his attorney provided ineffective assistance of counsel by failing to raise his fourth claim on appeal because the indictment is not defective. Walker was charged in Count One with possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). *See* Indictment [DE-1] at 1. Pursuant to 21 U.S.C. § 841(b)(1)(B), that offense carries a statutory minimum of five years' imprisonment and a statutory maximum of 40 years' imprisonment. Counts Two through Seven alleged distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). *Id.* at 1-3. Pursuant to 21 U.S.C. § 841(b)(1)(C), the statutory maximum term of imprisonment is 20 years. Walker was sentenced to 180 months' imprisonment in each of Counts One through Seven, which falls within all of the statutory minimums and maximums listed. Because the indictment was not defective, Walker cannot show that his attorney provided ineffective assistance of counsel by failing to raise his fourth claim on appeal. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance).

For the reasons set forth above, Walker's second and forth claims must fail. Consequently, Walker's second and fourth claims will be dismissed.

8

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-48] is ALLOWED, and Walker's Motion to Vacate [DE-44] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Walker has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 30'' day of December, 2015.

James C. Fox
Senior United States District Judge